UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY M. SCIVOLETTO,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 16-13680
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

---

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [10], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9]**

---

    Prior to 2010, Anthony Scivoletto worked in maintenance, construction, food service, and grocery. (R. 7, PID 148.) But in September 2012, Scivoletto stopped working. (R. 7, PID 48.) Scivoletto says a shoulder injury, seizures, depression, bipolar disorder, polysubstance dependence, and anxiety drove him from the workforce. (*Id.*) His mental impairments led to—among other things—panic attacks that briefly incapacitated him on a daily basis. (*Id.*)

    So he applied for Social Security Supplemental Income. In September 2012, Scivoletto filed his most recent application for benefits, but his application was denied. (R. 7, PID 46.) In March 2015, an administrative law judge (ALJ), acting on behalf of the Commissioner of Social Security, concluded that Scivoletto was not disabled within the meaning of the Social Security Act. (R. 7, PID 43.) After exhausting his administrative remedies (R. 7, PID 33), Scivoletto appealed the Commissioner's final decision to this Court (R. 1).

    The Court referred all pretrial matters to Magistrate Judge David Grand. After both parties filed for summary judgment (R. 9, 10), the Magistrate Judge issued a Report and Recommendation

granting the Commissioner's motion and denying Scivoletto's (R. 13). Scivoletto objects to a portion of the Magistrate Judge's report. (R. 14.)

**I.**

In reviewing the Report, the Court takes a fresh look at portions to which a party objects. 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). But "[t]he Court is not obligated to review the portions of the report to which no objection was made." *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 U.S. Dist. LEXIS 52942, at *8 (E.D. Mich. Apr. 16, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985)).

This Court defers to the Commissioner's conclusion unless the Commissioner commits a legal error or makes a factual finding unsupported by substantial evidence. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). Substantial evidence means a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). However, a conclusion supported by substantial evidence may be disturbed where the Commissioner "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

**II.**

The essence of Scivoletto's objection is that the administrative law judge failed to properly account for Scivoletto's mental impairments in her residual functional capacity assessment of Scivoletto. (R. 14, PID 1109.) Specifically, Scivoletto contends that the ALJ did not adhere to Social Security Ruling (SSR) 96-8p. That Ruling requires an ALJ to express "limitations resulting from mental impairment" (R. 14, PID 1108–09), in terms of "work-related abilities on a function-

2

by-function basis . . . ." SSR 96-8p, 1996 SSR LEXIS 5, at *2 (July 2, 1996). The ALJ, says Scivoletto, should have made "findings related to the impact of Plaintiff's mental disabilities on his ability to perform work." (R. 14, PID 1109.) In the end, Scivoletto says the procedural misstep required the Magistrate Judge to remand. (R. 14, PID 1109.)

Instead of a remand, Scivoletto thinks the Magistrate Judge excused the ALJ's error by independently reviewing the medical record. In particular, Scivoletto believes that the Magistrate Judge concluded that the ALJ's noncompliance with SSR 96-8p was harmless because the "medical record demonstrates that the mental impairments caused no work limitations if the Plaintiff was medicated." (R. 13 PID 1101 (citing R. 7, PID 55, 57).) But, Scivoletto says, the medical record, and in particular Dr. Syed's opinion, in fact demonstrates mental impairments that cause work limitations. (R. 7, PID 1006.)

## A.

Turning first to Scivoletto's procedural objection, he is incorrect to suggest that the ALJ missed a procedural step. In assessing residual functional capacity (RFC), SSR 96-8p directs an ALJ to consider the claimant's mental capacities. *Delgado v. Comm'r Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002). The regulation requires an ALJ to discuss medical evidence on disputed issues and explain the basis for the RFC determination. *Id.* at 548. The RFC determination must begin with an assessment of the claimant's functional limitations and then move to an assessment of the claimant's "work-related abilities on a function-by-function basis." SSR 96-8p, 1996 SSR LEXIS 5, at *2.

Here, the ALJ followed this procedure when assessing Scivoletto's RFC. (*See* R. 7, PID 49–50, 55–58.) The ALJ acknowledged Scivoletto's mental impairments: depression, anxiety, and mood disorders and noted his brief hospitalization for suicidal thoughts. (R. 7, PID 55.) Continuing

3

to follow procedure, the ALJ reviewed Scivoletto's medical history, including emergency room visits, treatment records, medical opinions, and the opinion of Scivoletto's treating psychiatrist. (R. 7, PID 55–57.) The procedure next requires the ALJ to weigh competing medical evidence, which the ALJ did by considering the treating psychiatrist's opinion in light of the contrary medical evidence in the record. (R. 7, PID 56.) Finally, the ALJ explained Scivoletto's "work-related abilities on a function-by-function basis." (R. 7, PID 57.)

Because the ALJ followed procedure, Scivoletto is incorrect to suggest the ALJ "completely neglects making findings related to the impact of Plaintiff's mental disabilities on his ability to perform work." (R. 14, PID 1109.) The ALJ made specific findings tied to work-related abilities. (R. 7, PID 58.) The ALJ understood that Scivoletto had mild-to-moderate limitations on his ability to follow simple instructions and complete simple tasks. (R. 7, PID 56.) And the ALJ recognized that Scivoletto had more significant limitations in interacting with supervisors, coworkers, and processing changes to his work environment. (*Id.*) So, as the Magistrate Judge explained, the ALJ restricted Scivoletto to work with an SVP of two—meaning unskilled work requiring little to no judgment and the performance of simple duties that can be learned in a month or less, and only occasional interaction with the public and supervisors. *See* POMS, DI 25001.001(A)(86), *Medical and Vocational Quick Reference Guide*. The ALJ sought to limit Scivoletto's exposure to the triggers for his mental impairments. (R. 7, PID 58.) In sum, the Magistrate Judge correctly found that the ALJ properly assessed the effects of Scivoletto's mental impairments.

**B.**

In evaluating the effect of Scivoletto's mental impairments, the Magistrate Judge held that substantial evidence supported the ALJ's findings. (R. 13, PID 1101.) Scivoletto says the

4

Magistrate Judge's conclusion is incompatible with Dr. Syed's opinion. (*See* R. 14, PID 1101, 1109.)

The Court disagrees. For one, the Magistrate Judge (R. 13, PID 1101) and the ALJ (R. 7, PID 56) cited Dr. Syed's opinion that Scivoletto had some restriction in processing simple instructions and carrying out simple tasks (R. 7, PID 1006). Indeed, the ALJ also noted Dr. Syed's opinion that Scivoletto had a "substantial loss of ability" to "deal with changes in a routine work setting" or respond to supervisors and coworkers, but the ALJ ultimately discounted Dr. Syed's opinion.[1] (R. 7, PID 56 (citing R. 7, PID 1006).) In discounting Dr. Syed's opinion, the ALJ provided an extensive discussion of Scivoletto's clinical treatment history and medical records which are inconsistent with Dr. Syed's opinion. (R. 7, PID 56–58 (citing R. 7, PID 703, 886–87, 1009–10).) Thus, the Magistrate Judge did not err in believing that a "reasonable mind might accept the relevant evidence as adequate to support" the ALJ's RFC determination.

## III.

In sum, the Court OVERRULES Scivoletto's objections (R. 14) and adopts the Magistrate Judge's Report and Recommendation (R. 13). Accordingly, the Commissioner's Motion for Summary Judgment (R. 10) is GRANTED and Scivoletto's Motion for Summary Judgment (R. 9) is DENIED.

Dated: February 6, 2018

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
U.S. DISTRICT JUDGE

---

[1] Dr. Syed was Scivoletto's treating physician. Scivoletto does not raise an objection to the ALJ's decision to discount Dr. Syed's opinion. *See* 20 C.F.R. § 416.927(c)(2)).

5

**CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 6, 2018.

                                                s/Keisha Jackson
                                                Case Manager